[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Norma Christian, brings this action against the defendant the City of New Haven relative to the defendant's assessment of the plaintiff's property which the plaintiff claims is excessive. The property is located on the east side of Whitney Avenue near the Hamden town line. The property is known as 765 Whitney Avenue and consists of .25 acre parcel of land in an RH-1 zone with a four family building on it. The building is two and one-half (2-1/2) stories with (2864-434) 2430 gross square feet. CT Page 7255 The premises has the usual utilities. The building consists of two, two room efficiency apartments, one five room apartment and one four room apartment. The assessment from which the plaintiff appeals concerns the valuation of the subject property by the defendant on the Grand lists of October 1, 1994, October 1, 1995 and October 1, 1996. The defendant based its assessment on the reevaluation of the property that took place in 1991. The plaintiff purchased the property from the First Federal Savings and Loan Association of Waterbury (now Webster Bank) in May 1994 for $100,000.00. The defendant's appraisal (Exhibit 5) states that was a discounted price.
The defendant levied the following assessment on the property effective October 1, 1991 at 100% valuation:
Land $ 40,000.00
Main Building 134,100.00
Outbuildings 3,000.00 (2 car garage)
$178,100.00
The defendant used 31.5% of the full value as the assessed value on the grand list of October 1, 1991 or $56,100.00. On the grand lists of October 1, 1994, October 1, 1995 and October 1, 1996 the defendant used 41.1% of the full value as the assessed value or $73,200.00 for each of those years. These assessments were allowed under legislation enacted by Connecticut's General Assembly.
The court was not satisfied with the appraisals submitted by either party, Exhibits A and 3 and ordered the parties to submit additional or supplemental appraisals which they did, namely Exhibits D and 5.
The Plaintiff's appraiser was Eric Glidden. He testified he has done over 300 appraisals and up to six months ago was an appraiser for the defendant. He stated he inspected the property on July 23, 1996. In doing his appraisal he used the Sales Comparison Approach and the Income Capitalization Approach. He testified he did not use the Cost Approach to arrive at a value because that approach is only used for newer properties. He stated he did a restricted appraisal of the subject property. He stated that the real estate market was in decline during the period of 1988 to the middle of 1992. In using the Sales Comparison Approach CT Page 7256 Mr. Glidden appraised the subject property at $104,000.00. The properties which Mr. Glidden used in comparison to the subject were located at 51-53 Nash Street, 176-178 Bassett Street, 60-62 Pierpont Street and 25-27 Sheffield Avenue. The court and the attorneys for each party viewed the properties used in each appraisal, namely Exhibits A and 3 as comparisons to the subject. The court found each of the plaintiff's comparable properties to be inferior to the subject.
Mr. Glidden also used the Income Capitalization approach to arrive at a value of the subject property. Using that approach he estimated the value of the subject property to be $108,000.00. In this approach Mr. Glidden testified he used the BAND of Investment technique which takes into consideration the mortgage on the property and equity contribution to value. He estimated the income and expense figures used in this method. The total annual rental income figure he used was $20,400.00 with an adjusted capitalization rate of 13.57%.
Mr. Glidden testified that in his opinion the estimated fair market value of the subject property on October 1, 1991 was $106,000.00.
The defendant's appraiser was John Leary who testified he is employed by the City of New Haven for a minimum of two and one-half (2-1/2) days per week at a monthly fee of $8,000.00. He testified that Sabre Systems, Inc. was the firm hired by the defendant to set values for all city properties relative to the 1991 revaluation. He stated he did a review appraisal of the appraisal Sabre Systems, Inc. did in the subject property for reevaluation and that he concurred with their fair market value of $178,100.00.
Mr. Leary stated that in 1988 and 1989 the real estate market declined twenty-five (25%). Then he stated there was a period of stability in 1990 and 1991 and then another period in 1992 and 1993 where the real estate market declined another twenty-five (25%) percent. Mr. Leary also testified that properties increase in value as you go north on Whitney Avenue. Mr. Leary stated his appraisal of September 4, 1996 was based on information he obtained from the Sabre Systems, Inc. appraisal in the Assessor's office work files and from information that was on the defendant's computers. He stated that Sabre Systems, Inc. used an income for the subject property of $24,100.00 with a capitalization rate of 13.5% to arrive at their value. Mr. Leary also used properties that were in his opinion comparable to the CT Page 7257 subject to affirm he value Sabre Systems, Inc. put on the subject property. These properties were located at 77-81 Avon Street, 41 Hillside avenue and 301 Humphrey Street. As stated previously the court viewed these properties with counsel. The court found each of these properties to be superior to the subject property. Mr. Leary testified that he did not know how many furnaces the subject property had nor who paid for the utilities for said property. Mr. Leary testified that information is important to know when valuing a property. Mr. Leary's first appraisal affirmed the City's value of $178,100.00 for the subject property.
As stated previously at the request of the court each appraiser did a supplemental appraisal of the subject property as set forth in Exhibits D and 5.
The plaintiff's supplemental appraisal affirmed the fair market value previously placed on the subject property of $106,000.00. The defendant's supplemental appraisal increased the fair market value of the subject property to $190,000.00 as of October 1, 1991. Mr. Leary used the Sales Comparison approach and the Income Capitalization Approach in arriving at his new value.
Neither of the appraisals submitted by the plaintiff nor the supplemental appraisal submitted by the defendant in this matter broke down their value as to land, buildings and outbuildings.
After hearing the evidence in this matter the court finds that the fair market value of 765 Whitney Avenue on October 1, 1991 was $145,000.00 determined as follows:
Land $ 40,000.00
Main Building $102,000.00
Outbuilding $ 3,000.00 (2 car frame garage)
The Court orders that the assessed value on the subject property shall be 41.1% of the fair market value of the property as found by this court for the Grand Lists of October 1, 1994, October 1, 1995 and October 1, 1996.
The court awards the plaintiff's appraiser, Eric Glidden the sum of $500.00 for his appraisals and $300.00 as a fee for testifying in court. CT Page 7258
William J. Sullivan, Judge